COLLINS *v.* CITY OF KNOXVILLE *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed January 8, 1944.

484

CLYDE KEY and S. F. FOWLER, both of Knoxville, for complainant.

JOE C. THOMASON, of Knoxville, for the City.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Ruth Collins filed petition for *certiorari* in the Chancery Court of Knox County to review and reverse the

refusal of the Pension Board and City Council of the City of Knoxville to allow her a pension in accordance with the provisions of Chapter 540 of the Private Acts of 1935, amended Priv. Acts 1939, chapter 454, creating the City Employees Pension Fund, as the widow of Wilson Collins who died on the 28th day of February, 1941, while in the employ of the City of Knoxville and its Board of Education, as Director of Physical Education and Ath-, letic Director of the Knoxville High School.

The said Wilson Collins was continuously in the employ of the City from 1927 until the time of his death in 1941, and Petitioner alleged that during said employment and on account thereof he developed the disease of hypertension, which injury occurred in line of duty within the provisions of the aforesaid Pension Act; that this disease progressed until it affected his heart, and finally caused his death; that the disease was contracted while Wilson Collins was actually engaged in the performance of his duties as a City employee, and as a result of his performance of said duties on or about the 19th day of November, 1940, it had progressed to such extent that it rendered him totally and permanently disabled from the performance of the duties of his employment and from the performance of any other work for compensation or profit.

On or about the 14th day of December, 1940, the said Wilson Collins made written application to the Pension Board of the City of Knoxville, supported by statement of his physician, Dr. E. R. Zemp, for relief for temporary disability in accordance with the provisions of the act creating the City Employee's Pension Fund. While the said application was still pending and before it had been granted or refused Wilson Collins died on the 28th day of February, 1941. Thereafter on the 5th day of June 1941, petitioner, Ruth Collins, presented her written ap-

plication to the Pension Board of the City of Knoxville, seeking relief under section 8 of Chapter 540 of the Private Acts of 1935, as amended, Priv. Acts 1939, chapter 454, as the widow of the said Wilson Collins, deceased. The act which created the Employees Pension Fund, provided for certain relief for widows of deceased employees who had been contributing members of said Pension Fund.

This application was denied by the Pension Board on June 7, 1941, and she thereafter, on or about July 3, filed her application with the defendant, City of Knoxville, seeking the same relief. Without examining the merits of the claim in any way and accepting the former ruling of the Pension Board without inquiry or scrutiny, the City Council concurred in the refusal of the Pension Board, to grant the relief sought by Mrs. Collins, so that "Mrs. Collins will then be in a position to secure a judicial construction of the City Employees' Pension Act, in the event she wishes to do so."

As we have stated, Mrs. Collins thereupon filed her petition for *certiorari* in the Chancery Court of Knox County, and upon the hearing thereon the Chancellor found the facts as we have stated them, and further found that the death of Wilson Collins occurred before his retirement from service as such employee, and that his death resulted from an injury received in line of duty within the meaning of said Chapter 540 of the Private Acts of 1935, as amended, and that accordingly, his widow was entitled, from and after the death of Wilson Collins, to receive from the Pension Fund created by said Chapter 540, a pension of $30 per month throughout the remainder of her life, or until her remarriage.

The Chancellor entered a decree accordingly. To this decree the City of Knoxville prayed, was granted, and

has perfected an appeal, which is before us, after brief and argument, for disposition.

 The first assignment of error presents the propriety of the action of the Chancellor in entertaining a petition for *certiorari* from the findings of the Pension Board and the City Council. Since we hold merely that the action of the Chancellor was authorized under section 9008 of the Code, it is perhaps unnecessary for us to say that the invitation for such a procedure by the Council in its final disposition of the case, as noted in our statement above, would have in any event justified the Chancellor in taking the steps which he took, that the action of the Council in refusing a review was arbitrary, is amply evident from the transcript of its proceedings. An allegation of that fact by the petitioner would have added nothing to her equities. The first assignment of error is accordingly overruled.

 The second and fourth assignments of error will be considered together as they present the same question —the sufficiency of the notice given by petitioner, Ruth Collins, before the presentation of her claim to the Pension Board. It will be remembered that there was then pending before the Board the application of Wilson Collins for a pension for temporary disability. This had never been acted upon. Further, there is no evidence or suggestion that the failure to give notice was in anywise prejudicial to a fair consideration of the application by the Board. The application of petitioner was made under section 8 of Chapter 540, of the Private Acts of 1935, as amended, and that section does not require any notice to be given to the Board prior to the filing of the application for the pension. We think the construction of the act to carry over the provision for notice from section 6 of the Act, where the employee himself makes applica-

tion, to section 8 of the Act, where the widow makes such application, is erroneous and cannot be sustained on reasonable grounds. The application under section 8 is made after the death of the employee, and the provision for notice was deliberately omitted from the section. Death is a matter of general knowledge and a physical fact of which, certainly the City has notice. The distinction between such an application and an application made by an employee on account of injury which might have been sustained privately or secretly, is quite obvious. We think, therefore, that the second and fourth assignments of error should be overruled.

The third, fifth and sixth assignments of error present the same question though stated in various forms. Was the disease from which Collins died ''an injury in line of duty'' within the definition of the statute creating the Pension Fund and defining the limits of its benefits? We think the disease from which Wilson Collins died was within the definition of the Pension Plan of ''injury in line of duty.'' In view of the highly technical attempt made by the City, on this appeal, to avoid payment of this pension, it seems well to bear clearly in mind that this is not altogether a demand by the petitioner for charitable relief or a gratuity from the Pension Board. It is in part a demand for repayment of contributions which her deceased husband had made to the Pension fund over the long period of his employment by the City. Cf. *State ex rel.* v. *City of Memphis,* 147 Tenn., 658, 251 S. W., 46, 27 A. L. R., 1257.

Again, the statutes creating pensions are remedial in their nature and are to be liberally construed in favor of the applicants for pensions, as a matter of sound publicity policy.

"It has been uniformly held that laws creating the right to pensions must be liberally construed with the view of promoting the objects of the lawmaking body." 48 C. J., Pensions, sec. 4, p. 787; 43 C. J., Municipal Corporations, Secs. 1408, 1409.

"Where the language used may be so construed as to carry out a benign policy, within the reasonable intent of Congress, it should be done." *Walton* v. *Cotton,* 19 How., U. S., 355, 358, 15 L. Ed., 658, 660.

█ The force and effect of such statutes are not to be confined to their literal terms. *Yates County Nat. Bank* v. *Carpenter,* 119 N. Y., 550, 23 N. E., 1108, 7 L. R. A., 557, 16 Am. St. Rep., 855.

A lengthy and detailed statement of the undisputed facts of this case seems unnecessary for its disposition. Collins came to Knoxville in 1927 and was employed by the City Board of Education in the city schools from 1927 until his death in 1941. On September 29, 1929, he made application for life insurance in the Massachusetts Mutual Life Insurance Company and was issued a $20,000 policy under terms which disclose him to have been in sound health and a more than normally desirable risk at the time of the delivery of the policy. His application and medical examination, which are in the record, show that he was entirely free from any disability at that time. In the fall of 1940, when he made application for temporary disability he had developed, as disclosed by the statement of Dr. Zemp, the disease of hypertension, which thereafter became progressively worse and finally resulted in his death of coronary thrombosis. During this entire period from 1929 until 1941, he was continuously in the employ of the City Board of Education. The duties which he had to perform as a coach of foot ball and athletic director subjected him to a high degree of

nervous, mental and physical strain. While the exact cause of hypertension is, according to the medical testimony, unknown to science, that testimony also discloses that the duties which Collins performed as coach and athletic director and the consequent strain that he underwent as such, were calculated with reasonable probability to produce the disease.

It is insisted that because petitioner cannot specify a single, definite act that her husband performed in the course of his employment which immediately and proximately caused the disease from which he died, that her claim should be defeated. Of course if she cannot single out a definite act, neither can she give notice within 30 days after the performance of such act. This technical construction by an official board seems to us to merit little consideration. The spirit in which the law was passed would be entirely defeated by such highly technical interpretation. The pertinent language of the statute is, "the words 'Injured in line of duty' shall be construed to apply only to bodily injury received, or disease contracted while actually engaged in the performance of an act pertaining to the duties of his employment." Section 6.

If the strict construction insisted on by the City of Knoxville should be approved, it is difficult to imagine a disease which could be contracted in the performance of an act, which would satisfy the requirements for a pension. Such a construction would render the word "disease" in the statute meaningless. We think that the word act in a part of "action", and if the action of an employee in performing the duties of his employment is of such character as to be the probable cause of the disease which he contracts, especially where there is no

evidence whatever of any other probable cause, he is eligible for a pension under the statute.

Finally, a general assignment of error is made that the Chancellor erred in making his award and in taxing the City of Knoxville with the cost of the cause, and although no reason is specified for this assignment, it is insisted in general terms that the Chancellor should have disallowed the claim and taxed the petitioner with the costs. For the many reasons we have already given in this opinion, we consider this assignment without merit and it is overruled.

It results that all assignments of error are overruled and the decree of the learned Chancellor is in all respects affirmed, and the City of Knoxville will pay the costs.