22 Ill.2d 56 (1961)
174 N.E.2d 168
WILLIAM M. BARDENS, Appellant,
v.
BOARD OF TRUSTEES OF THE JUDGES RETIREMENT SYSTEM OF ILLINOIS, Appellee.
No. 36073.
Supreme Court of Illinois.
Opinion filed March 29, 1961.
Rehearing denied May 17, 1961.
*57 SMITH & STANSELL, of Monmouth, (THEODORE L. STANSELL, of counsel,) for appellant.
WILLIAM L. GUILD, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellee.
Reversed and remanded.
Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:
This case brings us questions as to the construction and validity of a 1953 amendment to the Judges Retirement System Act. A 1951 amendment to that act is also involved. The *58 Board of Trustees of the Judges Retirement System applied the 1953 amendment in determining the annuity of William M. Bardens, a retired judge of the circuit court, and he instituted an administrative review proceeding in which that determination was affirmed. He appeals directly upon the grounds that the validity of a statute is involved. Ill. Rev. Stat. 1959, chap. 110, par. 75.
A majority of the members of this court were participants in the Judges Retirement System when the amendments in question were enacted, and it is possible that their rights may, in the future, be affected by the outcome of this case. The case falls squarely within our jurisdiction, however, and the situation is similar to that which confronted the Supreme Court of the United States when it was first called upon to determine whether or not the salaries of Federal judges could be subjected to Federal income tax. That court then said: "Because of the individual relation of the members of this court to the question * * * we cannot but regret that its solution falls to us; and this although each member has been paying the tax in respect of his salary voluntarily and in regular course. But jurisdiction of the present case cannot be declined or renounced. The plaintiff was entitled by law to invoke our decision on the question as respects his own compensation, in which no other judge can have any direct personal interest; and there was no other appellate tribunal to which, under the law, he could go." Evans v. Gore, 253 U.S. 245, 247-8, 64 L.ed. 887.
Judge Bardens had served 20 1/2 years as a circuit judge when he retired, and he was entitled to the maximum annuity under the Judges Retirement System Act. From its inception until 1951, section 5.1 of that act had provided for a retirement annuity computed upon the basis "of the annual rate of salary applicable to the Participant on the last date of employment as a Judge," and section 2.7 had defined salary as "The total compensation paid to a Judge *59 * * * for personal services as a Judge." (Ill. Rev. Stat. 1949, chap. 37, par. 441.9, 441.4.) In 1951 the definition of salary was amended by adding to the existing definition the following: "provided that from and after the effective date of this amendatory Act, the compensation or salary to be used for contributions by a participant and in the computation of any annuity hereunder, shall be the rate in force on April 30, 1951 for the position held by the participant, regardless of any changes in compensation or salary that may occur after such date." The provision governing the computation of an annuity was amended to read that it should be computed on the basis "of the annual rate of salary applicable to the Participant on the last date of employment as a Judge, subject to the limitation on salary prescribed in section 2.7 hereof." Ill. Rev. Stat. 1951, chap. 441.4, 441.9.
In 1953 the 1951 addition to the definition of "salary" was repealed and section 2.7 was restored to its original form. In that year section 5.1 was also amended to provide that the basis of computation should be "the average annual rate of salary applicable to the Participant during his last four years of employment as a Judge, provided that in the case of a person becoming a participant after January 1, 1954, such average annual rate shall be that applicable to the participant during the last 18 years of contributing service or during the total amount of contributing service if the total service of the participant shall be less than 18 years." Ill. Rev. Stat. 1953, chap. 37, par. 441.4, 441.9.
Salaries of circuit judges were increased from $10,000 to $12,500 in 1951, and from $12,500 to $15,000 in 1957. (Ill. Rev. Stat. 1955, chap. 53, par. 3.) If his annuity was computed in accordance with the act as it read when he became a participant and as it remained until 1951, the plaintiff would be entitled to an annuity of 50% of $15,000, his annual rate of salary at the time of his retirement in June of 1959. The Board applied the 1953 amendment, and *60 computed his annuity upon the basis of his average annual salary during his last four years of service.
Participation by judges in the Judges Retirement System is voluntary. (Ill. Rev. Stat. 1959, chap. 37, par. 441.6.) "Where * * * a statute creates a pension or annuity fund and confers an elective right as to participation therein upon the individual participant, the participant's contributions are voluntary consideration and create vested contractual rights. Raines v. Board of Trustees, 365 Ill. 610." Keegan v. Board of Trustees, 412 Ill. 430, 434; see also, People ex rel. Judges Retirement System v. Wright, 379 Ill. 328; Peacock v. Judges Retirement System, 10 Ill.2d 498.
The parties agree that the plaintiff's rights under the Judges Retirement System Act were vested and contractual, and so protected against impairment by section 14 of article II of the constitution, but they disagree as to what those rights were. The defendant points out that when the General Assembly froze the basis of computation of annuities in 1951, it also increased the annual salaries of circuit judges from $10,000 to $12,500. It asserts that "at the beginning of the 1951 session of the Legislature and on April 30, 1951, the plaintiff's right to an annuity, though `vested', was measured by the salary that he was receiving on April 30, 1951, which was $10,000.00 a year (Ill. Rev. Stat. 1949, Ch. 53, Par. 3) and not by the increased salary of $12,500.00 fixed by the Legislature in 1951. * * * The General Assembly was not bound to grant circuit judges any increase in salary whatsoever. When it did choose to increase those judges' salaries from $10,000.00 to $12,500.00 a year, it was not bound to increase their purely statutory annuities to an amount fixed by $12,500.00 a year as a basis."
What this argument overlooks is that the contractual right of the plaintiff, at the beginning of the 1951 legislative session, and on April 30, 1951, was to receive upon *61 his retirement a flexible annuity measured by the salary that he was receiving upon the date of his retirement. That salary might be higher or it might be lower than the salary that he received at any given time during the period of his service as a judge. Complete flexibility would have tied the basis of the annuity to changes in the salary fixed for the position even after the annuitant had retired. But the annuity originally contracted for was flexible to the degree provided, and the original undertaking clearly appears to have been to provide an annuity that reflected the purchasing power of the dollar upon the date of retirement.
The plaintiff urges that both amendments to the Judges Retirement System Act should be construed to have prospective operation only. But the 1953 amendment seems clearly to have been intended to have retroactive effect, for when it contemplated prospective operation, as in the case of judges elected after January 1, 1954, it so stated. The 1951 amendment is not so clear in this respect, but from its language and from its failure to make the careful discrimination that characterized the 1953 amendment, and is manifested in other sections of the act as well, (Ill. Rev. Stat. 1959, chap. 37, pars. 441.3a, 441.8, 441.8a, 441.9, 441.24) we conclude that it too was intended to operate retroactively.
The defendant argues that the 1951 amendment to the Judges Retirement System Act and the 1951 salary increase are in pari materia, and that because the plaintiff accepted the salary paid to him during his 1951-1957 term of office, he can not now assert that the 1951 amendment abridged his contractual rights and so violated section 14 of article II of the constitution. And the tacit conclusion appears to be that the plaintiff can not complain of the 1953 amendment, because it increased his rights over those afforded by the 1951 amendment.
There are many difficulties with this argument. It is based upon an assumed condition that the plaintiff could *62 receive the salary provided for his office only by waiving his constitutional rights. No such condition was expressed. To imply such a condition would be to assume that the legislature intended that circuit judges should be compensated at different rates depending upon whether or not they were participants in the retirement system, and as to participants, depending on whether or not they chose to waive their contractual rights. Moreover the condition that we are asked to imply at the very least treads perilously close to that line of decisions which hold that the qualifications for an office, as fixed by the constitution, are beyond the power of the General Assembly to alter by the imposition of additional conditions. (People ex rel. Breckon v. Board of Election Commissioners, 221 Ill. 9; People ex rel. Hoyne v. McCormick, 261 Ill. 413.) No statutory authority existed for the payment of compensation to a circuit judge at any rate other than that fixed by statute, and strong considerations of public policy underlie the holdings of this court and others that a public officer can not agree to accept for his services any compensation less than that fixed by law. Galpin v. City of Chicago, 269 Ill. 27, 41; Pitsch v. Continental and Commercial National Bank, 305 Ill. 265, 270; 43 Am. Jur. (Public Officers) sec. 373.
We hold, therefore, that the plaintiff is not barred from challenging the validity of the 1951 and 1953 amendments to the Judges Retirement System Act, and that those amendments impair his contractual rights and so violate section 14 of article II of the constitution. The judgment of the circuit court of Sangamon County is reversed and the cause is remanded to that court, with directions to set aside the administrative order and to remand the cause to the Judges Retirement Board for further proceedings not inconsistent with this opinion.
Reversed and remanded, with directions.
Mr. JUSTICE DAILY took no part in the consideration or decision of this case.