MRS. RUTH WYCKOFF

*v.*

BOARD OF ADMINISTRATION OF THE RETIREMENT SYSTEM OF THE CITY OF MEMPHIS et al.

(*Nashville,* December Term, 1960.)

Opinion filed April 5, 1961.

FRIERSON M. GRAVES, JR., SHEPHERD, HEISKELL, WILLIAMS, BEAL & WALL, Memphis, for appellant.

FRANK B. GIANOTTI, JR., ARTHUR J. SHEA, Memphis, for appellee.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor held in favor of the City of Memphis and this appeal has resulted.

This is a petition for writ of certiorari against the Pension Board of the City of Memphis stating that the action of the Pension Board in denying Mrs. Ruth Wyckoff credit for six years prior service was arbitrary and illegal.

In November, 1946, Mrs. Wyckoff was granted a leave of absence from the Juvenile Court of the City of Memphis, where she had been a full time probation officer. She returned to her work from her leave of absence on April 1, 1949, and has continued as an employee since that date.

It seems that while Mrs. Wyckoff was on leave of absence a pension ordinance was adopted by the City of Memphis.

Section 840 of the Memphis Municipal Code reads in part as follows:

"Every salaried employee who is in city service on October 1, 1948, or who was in city service within six months before that date and re-enters such service after such date, shall become a member of the retirement system and be eligible for prior service credit unless within two months of becoming eligible for membership he shall file on a form provided by the board for that purpose an election not to participate and a waiver of all present and prospective benefits in the retirement system for prior service."

Section 838(f) defines the term "City Service" as "regular, full time service as an employee of the City for compensation."

Mrs. Wyckoff appeared before the Pension Board of the City of Memphis requesting that she be given prior service credit for two years as a teacher with the Memphis Board of Education 1910 to 1912, and for four years from November 1942 to 1946, as probation officer with the Juvenile Court. The Pension Board denied her credit for the six years prior service.

Respondent filed a demurrer to the petition for certiorari and there is no issue of fact involved. The ground of the City's demurrer is that prior service credit may be given only to members of the Retirement System "who were regular, full time salaried employees of the City of Memphis on October 1, 1948, or within six months prior thereto."

It is well settled that the laws creating pensions are remedial in their nature and are to be liberally con-

strued in favor of applicants for pensions, as a matter of sound public policy. *Collins v. City of Knoxville,* 180 Tenn. 483, 176 S.W.2d 808.

This rule cannot be applied where the language is certain and unambiguous.

■ The use of the term "City Service" in Section 840 standing by itself might have given rise to some ambiguity, but the addition of Section 838(f) which clearly defines the term "City Service" to be "regular full time service as an employee of the City for compensation" clarifies any ambiguity.

It was the evident intent of the law to include only those city employees who were in regular, full time employment for compensation and those who had been on leave of absence for six months or less, prior to the effective date of the Pension Plan.

Mrs. Wyckoff left in December, 1946, and returned in April, 1949. She is therefore ineligible for prior service credit for six years of employment rendered prior to 1948, because she was not in City Service within the meaning of the term as defined in the Pension Ordinance on October 1, 1948, or within six months prior thereto.

It results that the decree of the Chancellor will be affirmed.