Roy A. MILES et al., Plaintiffs-Appellees,

v.

The TENNESSEE CONSOLIDATED
RETIREMENT SYSTEM et al.,
Defendants-Appellants.

Supreme Court of Tennessee.

Dec. 13, 1976.

Rehearing Denied March 29, 1977.

Thomas A. Wiseman, Jr., Nashville, for defendants-appellants.

Val Sanford, Nashville, for plaintiffs-appellees.

## OPINION

GORE, Special Justice.

This is a suit for declaratory judgment by certain plaintiffs who are members of the Tennessee Consolidated Retirement System. The plaintiffs include retired and active judges whose tenure in office and age vary so that a decision hereunder will apply to all judges who are members of the Tennessee Consolidated Retirement System whether retired or not retired.

The Chancellor, in his very able and exhaustive opinion, sets forth the nature of this action, the respective positions of the parties plaintiff and defendants, the Statutes of the State of Tennessee at issue, the Constitutional provisions of the State of Tennessee and the United States, and the portions of same relied upon by the respective parties. This Court incorporates into this Opinion portions of the Chancellor's Memorandum Opinion as follows:

"Plaintiffs, as State judges, seek an adjudication declaring unconstitutional and void Sections 5, 6, and 7 of Chapter 315 of the Public Acts of 1975 insofar as each Section relates to the plaintiffs. Plaintiffs include both active and retired State judges and one inactive State judge who has accrued more than eight years service.

"Defendants are the Tennessee Consolidated Retirement System, which has powers, privileges and immunities of a corporation (See T.C.A. 8–3902), its Board of Trustees individually named, and the Attorney General of the State of Tennessee, who is a necessary party because the constitutionality of a State Statute is being attacked.

"In 1955 the State of Tennessee, by the provisions of Chapter 3 of Title 17, established a Tennessee Judges' Retirement System, in which, pursuant to the provisions thereof, each of the plaintiffs became a voluntary participant. The aforesaid Statutes were repealed by Acts 1972, Chapter 813, with exceptions and provisions set forth in certain sections of said chapter as follows:

"(1) In Section 18 that 'each and all of said sections and chapters will remain in full effect for the purpose of defining rights, benefits and privileges preserved under Section 11, subsection (4) of this Act.'

"(2) In Section 11, subsection (4) that: 'All prior class members of any retirement system abolished or merged into the Tennessee Consolidated Retirement System and their beneficiaries shall be entitled to all of the rights, benefits and privileges provided in the system so abolished or merged, including any salary prescribed by law to take effect on the date of establishment, and nothing in the

present Act shall be construed to restrict, limit or terminate any provisions of any law providing such rights, benefits and privileges under such former systems.'

"(3) Also in Section 11, subsection (3) that: 'Notwithstanding any other provision of this section 11, no increase in the retirement allowance of any beneficiary of a superseded system shall be granted on or after the date of establishment except as provided in this subsection (3) or in section 5(17) of this act, except that retired members and beneficiaries of superseded systems of judges and attorneys-general shall be entitled to the provisions of prior laws with respect to benefit base to include current salaries.'

"(4) And in addition, in Section 17 subsection (4) that: 'Every provision of this Act shall be subject to amendment or repeal by any session of the general assembly, provided that no such amendment or repeal shall diminish or annul, in any respect, any right acquired by a member or beneficiary under the provisions of this Act.

"The provisions in the above sections are now carried respectively as 8–3949, 8–3935(4), 8–3935(d)[(3)(d)] and 8–3948 Tennessee Code Annotated. Although the provisions of Chapter 3 of Title 17 are repealed, the sections thereof are carried in the code with this parenthetical note: 'Repealed, except that this section will remain in full effect for the purpose of defining rights, benefits and privileges preserved under subsection (4) of § 8–3935.'

"By the same Act cited above, that is, Acts 1972 Chapter 814, the General Assembly of Tennessee established as of July 1, 1972, the Tennessee Consolidated Retirement System, which contained the provisions that members of the Tennessee Judges' Retirement System (a superseded system) 'shall become' members of the Ten-

nessee Consolidated Retirement System. Thus, each plaintiff by virtue of membership in the superseded system became a member of the Tennessee Consolidated Retirement System with the reservations noted above preserving rights, benefits and privileges of Chapter 3 of Title 17, including inter alia, a definition of 'Benefit Base' (See Subsection (3) under T.C.A. 17–313).[1]

"The plaintiffs alleged (1) that as voluntary contributing members of the Tennessee Judges' Retirement System merged into the Tennessee Consolidated Retirement System they each thus acquired contractual rights which the State cannot deny them; (2) that by the passage of Sections 5, 6, and 7 of Chapter 315, Acts of 1975, and approval by the Governor to become effective June 30, 1975, the State indicated an intent 'to assert a claimed right to deprive these plaintiffs of such contractual rights at will;' (3) that Sections 5, 6, and 7 of Chapter 315 violated Article 1, Section 20 of the Constitution of the State of Tennessee and Article 1, Section 10, of the Constitution of the United States 'because they constitute retrospective laws impairing the obligation of the contract;' (4) that said sections are unconstitutional and void because each deprives these plaintiffs of their rights and property without due process of law contrary to Article 1 of the Constitution of the State of Tennessee and the 14th Amendment to the Constitution of the United States; (5) that said sections purport to diminish the amount of compensation during the time for which plaintiffs are elected, in violation of Article 6, Section 7, of the Constitution of Tennessee, which prohibits increase or diminishment of such compensation, and therefore, that such Sections are void; (6) that the passage of said Sections disregards the separation of powers of government into three distinct departments, legislative, executive, and judicial, the latter being vested with the judicial powers of this State, and thus fails to recognize the distinctive role of the judiciary

---

1. T.C.A. § 17–313(e) "Benefit Base" means a sum equal to the annual salary the retired judge would receive if he continued in the office from which he retired.

and accordingly respectively violates Article 2, Sections 1 and 2, and Article 6, Sections 6 and 7, of the Constitution of Tennessee.

"The defendants, while admitting statutes and constitutional provisions as alleged and admitting that plaintiffs have standing as alleged and are entitled to a declaratory judgment as sought, deny conclusions of law as expressed in said complaint (1) wherein is alleged an offer by the State and an acceptance by each of the plaintiffs when he made voluntary contributions to the retirement fund and (2) wherein is alleged a 'valid contract between State and plaintiffs' and (3) wherein is alleged that the General Assembly in the 1972 Act evidenced 'a clear recognition of an intent to preserve the rights, benefits and privileges of members of the Tennessee Judges' Retirement System, including these plaintiffs' and (4) wherein is alleged 'an intent to disregard the contractual rights' of plaintiffs in the 'benefit base,' as evidenced by the abolition of any increase beyond May 1, 1975, and the imposition of a ceiling on the benefit base and (5) wherein is alleged that Sections 5, 6, and 7 'constitute retrospective laws impairing' obligations of contract or depriving plaintiffs of property and rights without due process of law or purporting to diminish the amount of compensation during the time for which plaintiffs were elected or 'disregarding the constitutional independence of the Judicial Department,' all as protected by the Tennessee and United States Constitutions."

The plaintiffs in this case fall into two different categories—the first consisting of Judges Miles and Leffler who were eligible for pension benefits but who had retired and resigned, respectively, prior to the 1974 elections, and the second consisting of the other five judges plaintiffs, namely, Judges Phillips, Faquin, Broughton, Doran and Drowota, who were elected to hold office in the August elections of 1974.

Judge Miles entered the pension system of the State in the year 1958, was re-elected in 1966, and retired on August 31, 1974. Judge Miles held office during the time the 1970 and 1972 Acts were enacted and at the time he retired these two Acts were in full force and effect in Tennessee.

Judge Leffler, who was a former circuit court judge and who served for more than eight years, having resigned in 1971, is less than fifty-four years of age at the present time. He very clearly stated in his testimony that in making a decision to resign "he considered the assurance of the benefits under the Tennessee Judges' Retirement System in connection with planning his estate," and "relied upon those assurances in making his decision to resign."

The pension system in the State of Tennessee, from its earliest days, was a contributory system, and when Judge Miles and Judge Leffler came to the bench they elected to come within the system and to contribute to the system. The record also shows that both of them very clearly expected the State of Tennessee to pay them retirement under whatever law was in force at the time of Judge Miles' retirement and Judge Leffler's resignation, in the form of a pension, and that this was an inducement to their originally seeking the office.

All the other judges plaintiffs in this case, namely, Wil V. Doran, Chancellor, Shelby County; Dayton E. Phillips, Chancellor, First Chancery Division; Len G. Broughton, Jr., Chancellor, Knox County; Arthur C. Faquin, Jr., Criminal Court Judge, Shelby County; and Frank F. Drowota, III, Judge of the Court of Appeals of Tennessee, stated in their testimony that they clearly expected the State of Tennessee to pay them retirement under whatever law was in force at the time of their retirement, in the form of a pension; and that this was an inducement to their originally seeking office. In addition to their voluntary contributions to the plan, these judges were elected and took office on September 1, 1974, thereby commencing a term of of-

fice within the meaning of Article 6, Section 7 of the Constitution of Tennessee.[2]

The record contains the testimony of Donald Overholser, an Actuary for the State; Gary Fisher, Staff Attorney for the Retirement System of the State of Tennessee; the minutes of the Council on Pensions and Retirement; the report of the House Debate of May 21, 1975 on House Bill 378; the proceedings in the Senate on May 27, 1975, and the proceedings in the House on March 30, 1975. By agreement of the parties, a simplified explanation of House Bill 378 and Senate Bill 328 was also made a part of the record.

From all of this testimony, and from the various exhibits by agreement placed into the record, it is clear that the Legislature of the State of Tennessee, in preparing to act on Chapter 315 of the 1975 Act (being amendments to T.C.A. § 8–3935 and related statutes), spent more than two years very carefully reviewing the entire pension system of the State of Tennessee, including the pension system dealing with judges and attorneys general; that they recognized a clear responsibility to the State as a whole and its taxpayers and also realized their responsibility to the judges and the methods used by the Legislature in the past to deal with judges' compensation in one form or another; that there was very sharp disagreement in the debates dealing with both House Bill 378 and Senate Bill 328 as to whether the benefit base for the judges should be changed.

It is clear from the record that the General Assembly recognized that, by enacting the provisions of the 1970 Act, which were brought forward in the 1972 Act, a commitment was made to the judges upon which the judges could and would rely regarding their pension benefits. (T.C.A. § 17–319).

The Chancellor held as follows:

"The Court holds that the plaintiffs are entitled to the relief sought; that by Public Acts of the State, offers of retirement benefits were made to the judges (plaintiffs), who in reliance thereon continued performance and thereby established a contractual relationship; that in addition thereto, Chapter 814, Acts of 1972, acknowledged the rights, benefits and privileges of the superseded retirement systems to be vested by prohibiting any subsequent amendments; that Sections 5, 6, and 7 of Chapter 315, Acts of 1975 do limit, restrict and diminish the rights, benefits and privileges of these plaintiffs and their beneficiaries and, accordingly, are null and void and of no force and effect as to these plaintiffs because said provisions impair the obligations of contracts of the plaintiffs, and, thus violate Article 1, Section 20, of the Constitution of Tennessee and Article 1, Section 10, of the United States Constitution.

"Enforcement of Sections 5, 6, and 7 would deprive the plaintiffs of their rights and property without due process, and thus violate the Tennessee and United States Constitutions."

The Chancellor pretermitted the question of whether Sections 5, 6, and 7 of Chapter 315, Acts of 1975 violated the provisions of Article 6, Section 7, of the Constitution of Tennessee.

The defendants below seasonably and properly perfected an appeal to the Supreme Court of Tennessee and set out five Assignments of Error [3]. However, all of

---

2. *Article 6, Section 7, Constitution of Tennessee—Compensation of judges.*—The judges of the Supreme or Inferior Courts, shall at stated times, receive a compensation for their services, to be ascertained by law, which shall not be increased or diminished during the time for which they are elected. They shall not be allowed any fees or perquisites of office not hold any other office of trust or profit under this State or the United States.

3. *Assignments of Error.*
 1. The learned Chancellor below erred in holding that legislation defining benefit base for judges retirement purposes constituted offers of contracts by the State of Tennessee.

these Assignments of Error, together, as set out in Appellants' Brief, presented two questions for the consideration of this Court and both the Brief of the Appellants and the Brief of the Appellees addressed themselves primarily to these two questions, namely:

1. Whether the relationship between the plaintiffs and the State of Tennessee, acting through the Tennessee Judges' Retirement System and the Tennessee Consolidated Retirement System, involved "obligations of contract" within the meaning of Article 1, Section 20 of the Constitution of Tennessee and Article 1, Section 10 of the Constitution of the United States; and

2. If so, whether Sections 5, 6, and 7 of Chapter 315 of the Public Acts of 1975 impaired such obligations within the meaning of those same constitutional provisions, or whether these sections of the 1975 Act were a reasonable legislative modification of prior legislative grants of retirement benefits.

 As to Judges Miles and Leffler, we agree with the learned Chancellor and hold that the State of Tennessee offered to and did enter into a contract with Judge Miles and Judge Leffler to pay them a pension upon their retirement in accordance with the law in effect at that time, setting the pension for Judge Miles at the time of his retirement and for Judge Leffler at the time of his resignation. When Judge Miles

retired and Judge Leffler resigned they completed their contracts with the State of Tennessee[4] so that, in effect, the benefit base to be used for Judge Miles and Judge Leffler as to their pensions would be the benefit base established in the Act of 1970 and brought forward into the Act of 1972, namely "a sum equal to the annual salary the retired judge would receive if he continued in the office from which he retired", T.C.A. § 8–3901, et seq.

 The Court further holds that this contract between the State of Tennessee and Judges Miles and Leffler was impaired under Article 1, Section 20 of the Constitution of Tennessee and Article 1, Section 10 of the Constitution of the United States, by the 1975 Act which reduced the benefit base set up in the Act of 1970 for calculating the pension. State statutes may contain provisions which, when accepted as a basis for actions by individuals, become contracts between them and the State, within the protection of Article 1, Section 10 of the United States Constitution. *Indiana, ex rel. Anderson v. Brand*, 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685 (1938).

 There are no Tennessee cases dealing with public pensions. However, this Court has held that laws creating the rights to private pensions will be liberally construed. *Collins v. City of Knoxville*, 180 Tenn. 483, 176 S.W.2d 808 (1944), and that the offer by an employer to an employee of

2. The learned Chancellor below erred in holding that appellees acquired constitutionally protected contract rights to specific provisions of judges retirement legislation.

3. The learned Chancellor below erred in holding that §§ 5, 6, and 7 of Chapter 315 of the Public Acts of 1975 impaired appellees' contract rights to the benefit base provisions of prior law.

4. The learned Chancellor below erred in finding that Chapter 315 of the Public Acts of 1975 impaired or violated any constitutionally protected rights to specific legislative grants of retirement benefits acquired by ap-

pellee under the State or Federal Constitutions.

5. The learned Chancellor erred in failing to hold that Chapter 315 of the Public Acts of 1975 was a reasonable exercise of the continuing legislative power to amend and modify specific provisions of retirement benefit base legislation for state judges.

4. It has long been established under our law that a contract is executed when everything that was to be done has been done and nothing remains to be done. *Farrington v. State of Tennessee*, 95 U.S. 679, 24 L.Ed. 558 (1877).

a pension is an inducement to employment. *State, ex rel. Thompson v. City of Memphis*, 147 Tenn. 658, 251 S.W. 46 (1923). See also, *Weesner v. Electric Power Board*, 48 Tenn. App. 178, 344 S.W.2d 766 (1961).

The case of *Weesner v. Electric Power Board, supra*, dealing with the private pension of an electric power board in Chattanooga, clearly holds that an offer of a pension, the acceptance of same, and the completion of the service of the employee, creates a vested interest in said pension which will not be denied either to the participant or his family.

■ The Appellants insist that the General Assembly is empowered to reasonably modify pension benefits, even if vested. We do not agree. Such power is not available to the General Assembly in the absence of a showing that a vital interest of the State must be protected by an exercise of the police power. *Indiana, ex rel. Anderson v. Brand, supra.*

■ The record contains testimony from the Actuary and other employees of the State that the 1975 Act was passed to alleviate the funding problems of the pension system in general, as well as the pension system for judges; but, nowhere in the record is there any claim from any witness that the attempt to alleviate this funding problem by the Act of 1975 was to protect a *vital interest of the State.* *Home Building and Loan v. Blaisdell*, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934).

Therefore, since the 1975 Act was not designed to protect some vital interest of the State, we hold that Judge Miles had completed a contract at the time of his retirement with the State of Tennessee and Judge Leffler had a completed contract at the time of his resignation from the bench with the State of Tennessee within the provisions of Article 1, Section 20 of the Constitution of the State of Tennessee [5] prohibiting impairment of a contract of the State with an individual, and Article 1, Section 10 of the United States Constitution [6] which is similar [7].

We feel compelled to note that the Act of 1970 increased the benefit base during the Judges' term of office, and the Act of 1972 incorporated this increase during the term of office.

The record indicates that Judge Miles, and undoubtedly other Judges not parties to this action, served and retired (and Judge Leffler resigned) on the basis that the State of Tennessee would honor its statutory commitments. It would be unjust and inequitable, following this justified reliance by these Judges, to permit any tampering, statutorily or otherwise, with their pension benefits.

Accordingly, we hold that these appellants are estopped to assert the invalidity of these benefits.

This Court, therefore, does not feel it is necessary under the circumstances, to consider the violation of the Fourteenth Amendment to the Constitution of the

---

5. *Article 1, Section 20, Constitution of Tennessee—No retrospective laws.*—That no retrospective law, or law impairing the obligation of contracts, shall be made.

6. *Article 1, Section 10, Constitution of the United States*—[Powers denied the states.] —[1.] No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money, emit bills of credit; make anything but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post facto law, or law

impairing the obligation of contracts, or grant any title of nobility. . . .

7. For three well-written decisions from other states which are similar, see the following: *Bardens v. Board of Trustees of Judges Retirement System of Illinois*, 22 Ill.2d 56, 174 N.E.2d 168 (1961); *Sylvestre v. Minnesota*, 298 Minn. 142, 214 N.W.2d 658 (1973); *Campbell v. Michigan Judges Retirement Board*, 378 Mich. 169, 143 N.W.2d 755 (1966). See also, 52 A.L.R.2d 437.

United States and the Fifth Amendment to the Constitution of the United States.

The other Judges, plaintiffs in this suit, Judges Phillips, Faquin, Broughton, Doran and Drowota, were elected and took office on September 1, 1974, at the time the benefit base enacted by the 1970 Act (T.C.A. § 17–313(e)), and brought forward in the 1972 Act (T.C.A. § 8–3935(3)(d)), was in full force and effect.

■ We hold that the retirement benefits of these judges are a part of their compensation. *Weesner v. Electric Power Board of Chattanooga, supra.*

We hold that these judges are protected by Article 6, Section 7 of the Constitution of Tennessee.

At the time these judges were elected in 1974, the benefit base enacted in the Public Acts of 1970 was in full force and effect and protected by Article 6, Section 7 of the Constitution of Tennessee. This benefit base has been diminished during the time for which these Judges are elected by Sections 5, 6, and 7, Chapter 315, Public Acts, 1975. Accordingly, Sections 5, 6, and 7, Chapter 315, Public Acts of 1975, are unconstitutional as to these Appellees.

■ We further hold, as to Judges Drowota, Phillips, Faquin, Broughton, and Doran, who took office on September 1, 1974, that the State of Tennessee entered into a contract with these Judges for a period of eight (8) years. Further, these Judges relied upon the promises of the State, as set forth in the statutory retirement scheme in existence on September 1, 1974, when they commenced the eight (8) year term of their employment.

Sections 5, 6, and 7, Chapter 315, Public Acts of 1975, attempt to impair the terms of this contract and thereby run afoul of Article 1, Section 20, Constitution of Tennessee, and Article 1, Section 10, Constitution of the United States.

As stated by the Supreme Court of Pennsylvania:

The Legislature may strengthen the actuarial fibers but it cannot break the bonds of contractual obligations. The permissible changes, amendments and alterations provided for by the Legislature can apply only to conditions in the future, and never to the past. According to the cardinal principle of justice and fair dealings between government and man, as well as between man and man, the parties shall know prior to entering into a business relationship the conditions which shall govern that relationship. Ex post facto legislation is abhorred in criminal law because it stigmatizes with criminality an act entirely innocent when committed. The impairment of contractual obligations by the Legislature is equally abhorrent because such impairment changes the blueprint of a bridge construction when the spans are half way across the stream."

*Hickey v. Pittsburg Pension Bd.*, 378 Pa. 300, 106 A.2d 233, 52 A.L.R.2d 430.

See also, cases cited in Footnote 7, *supra.*

We affirm the Chancellor below as to his findings and basis for Judges Miles and Leffler, but as to the remaining Appellees, we modify the Chancellor's decree to the extent same is inconsistent herewith.

The costs will be taxed against the Appellants.

WILLIS, Special Chief Justice, and HARVILL, WATSON, GORE and WINNINGHAM, Special Associate Justices, concur.

## OPINION ON PETITION TO REHEAR

A courteous and thoughtful petition to rehear has been filed on behalf of the appellants in this case. We have given careful consideration to the authorities cited therein and the Court is of the opinion that the issues presented were dealt with in the original opinion. Therefore, the Court adheres to the conclusions stated in the original opinion filed in this cause.

The petition to rehear is respectfully overruled.

WILLIS, Special Chief Justice, and WATSON, HARVILL, and WINNINGHAM, Special Justices, concur.