Haywood BARRY, General Sessions
Judge of Wilson County,
Plaintiff-Appellant,

v.

WILSON COUNTY, Tennessee and Attorney General, William Leech, State of Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section.

Aug. 22, 1980.

Permission to Appeal Denied by Supreme
Court Dec. 29, 1980.

**442**

James H. Kinnard, Haywood Barry, pro se, Lebanon, for plaintiff-appellant.

Robert T. Rochelle, Lebanon, for defendant-appellee, Wilson County.

Kenneth Herrell, Asst. Atty. Gen., Nashville, for defendant-appellee, State of Tennessee.

## OPINION

TODD, Judge.

The plaintiff, Haywood Barry, General Sessions Judge of Wilson County, filed this suit for a declaratory judgment as to his salary rights. He has appealed from the decision of the Chancellor that the correct salary of plaintiff is $9,800.00 per year as established by T.C.A. § 16–1109(C) plus cost of living increases provided in T.C.A. § 16–1109(D). The Chancellor also held that the increased salary provided by Chapter 518, Public Acts of 1978 (Amending T.C.A. § 16–1113) should not become effective until September 1, 1982, at the beginning of the next term of office of plaintiff.

Under the caption "The Issues Presented for Review" appellant presents seven pages of argument, but no specific issues as contemplated by T.R.A.P., Rule 27. Therefore this Court will undertake to discuss and dispose of the various contentions or insistences advanced in appellant's 107 page principal brief and 21 page reply brief.

All necessary facts were alleged and admitted in the pleadings or stipulated.

Plaintiff took office on September 1, 1974. Since taking office, he had practiced law to the extent permitted by the Wilson County General Sessions Court Act, Chapter 34, Private Acts of 1945, which provides in pertinent part as follows:

> The Judge of said General Sessions Court is prohibited from accepting employment as an attorney or counsel in any case or lawsuit originating in his said Court or in any case or lawsuit in Wilson County, Tennessee, of which said Court of General Sessions is given jurisdiction to try by this Act or by the law of Tennessee. He may accept employment in all cases or legal matters which do not originate in and of which said Court of General Sessions Court is not given jurisdiction by this Act or by the law of Tennessee.

By Chapter 109, Public Acts of 1959, the General Assembly enacted a state-wide General Sessions Court Act which placed Wilson County in Class IV and provided in part as follows:

> (C) From and after September 1, 1970, the judge of the court of general sessions shall receive the following annual salary, payable in equal monthly instalments as in § 16–1112 provided:
>
> .   .   .   .   .
>
> Counties of fourth class .... 9,800.00

The foregoing portion of Chapter 109 is codified as part of T.C.A. § 16–1109. Section 11 of Chapter 109 also provided:

> This chapter shall not prohibit the judge of any general sessions court created by private act from exercising the privileges given by the respective private act, including the practice of law.

The foregoing part of Chapter 109 is codified as the last paragraph of T.C.A. § 16–1113.

Section 12 of Chapter 109 provided in pertinent part as follows:

> Section 12. *Be it further enacted,* That each judge of the Court of General Sessions in counties of the first, second, third, fourth and fifth classes as defined in Section 11 of this Act shall devote all of his working time to the duties of his office, and if a lawyer, shall not engage

in the practice of law during his tenure of office.

Section 12 of Chapter 109 was included in Section 16–1113 of the Code, beginning with the 1960 supplement and continuing until the present, 1979, supplement in which counties of the fourth class are omitted due to a 1978 enactment mentioned hereafter.

By Chapter 808, Public Acts of 1974, the General Assembly enacted the following provision:

(D) Beginning September 1, 1974, the compensation of general sessions judges shall be the base salaries fixed in this law adjusted to reflect the percentage of change in the consumer price index between that of the calendar year 1973 and the calendar year next preceding September 1, of the year for which the salaries are to be paid. The adjustment shall occur on September 1, 1975, and on September 1 of every year thereafter for the ensuing year commencing September 1.

.    .    .    .    .

Counties of the fourth class    15,000

The foregoing provision was codified as part of T.C.A. § 16–1109.

Chapter 808 also contained the following provision:

Section 2. Each judge of the Court of General Sessions in counties of the first, second, third · and fourth classes are defined in Section 16–1108, in order to be eligible for the salary provided in this law, shall be prohibited from the practice of law in the state courts of Tennessee, notwithstanding any other laws, including Private Acts, to the contrary.

This enactment was codified as a part of T.C.A. § 16–1113.

By Chapter 518, Public Acts of 1978, the General Assembly provided:

Section 1. Tennessee Code Annotated, Section 16–1113 is amended by deleting the phrase "counties of the first, second, third and fourth classes" wherever it appears in the section and by substituting instead the phrase "counties of the first, second and third classes".

From the above, it is seen that, since 1959, Code Sections 16–1109 and 16–1113 have been successively amended by Chapter 808, Acts of 1974 and Chapter 518, Public Acts of 1978, so that reference must be made to the public acts to establish the state of the law at the time or times material to this suit.

It is also seen from the above that, when plaintiff took office in 1974, the text of T.C.A. § 16–1113 contained three provisions regarding practice of law by general sessions judges in counties of the fourth class:

(a) The final paragraph of Section 16–1113, derived from Section 11, Chapter 109 Acts of 1959, stated:

This chapter shall not prohibit the judge of any general sessions court created by private act, from exercising the privileges given by the respective private act, including the practice of law.

(b) The first sentence of Section 16–1113, derived from Section 12 of Chapter 109, Acts of 1959, quoted above, forbade the practice of law by any general sessions judge in a county of the fourth class.

(c) The next to the last paragraph of Section 16–1113, derived from Section 2 of Chapter 808, Acts of 1974, quoted above, restricted the pay benefits of Chapter 808 (T.C.A. 16–1109) to general sessions judges who were "prohibited" from practicing before the State courts.

These three parts of T.C.A. § 16–1113 are not entirely consistent, and must be construed.

It is also seen that, after plaintiff took office in 1974, the law was amended in 1978 to permit general sessions judges in counties of the fourth class to participate in the benefits conferred by T.C.A. § 16–1109 without the prohibition of practice of law.

It is uncontroverted that plaintiff has, from the inception of his service as a judge, continued to practice law as permitted by the local Wilson County General Sessions Act.

It is also uncontroverted that, since taking office, plaintiff has been paid on the

basis of a $9,800.00 annual salary plus annual cost-of-living increments.

Appellant first insists that Section 2 of Chapter 808 of the Public Acts of 1974, quoted above, is unconstitutional on grounds of insufficient caption and violation of due process and equal protection clauses of the Federal and State constitutions.

The caption of Chapter 808 reads "An Act to amend Section 16–1109, Tennessee Code Annotated relative to salaries of General Sessions Judges."

■ While it is true that a part of Chapter 808 was allocated to Code Section 16–1113, this action was taken by the Code Commission and subsequently ratified by the General Assembly by Chapter 1, Public Acts of 1975. As originally enacted, Chapter 808 related to only one subject, the compensation of General Sessions Judges. Included in that subject were elements of amount and time of payment and conditions for eligibility, such as class of county and other activities. The subject matter of the Act was not broader than its caption, and it was and is not unconstitutional on this ground. See *Dorrier v. Dark*, Tenn.1976, 537 S.W.2d 888; *Chattanooga, Etc. v. City of Chattanooga*, Tenn.1979, 580 S.W.2d 322.

Even if there should be some infirmity in Chapter 808, Acts of 1974, the equivalent prohibition from practice of law was included in Chapter 109, Acts of 1959, quoted above.

Appellant's arguments that Chapter 808 was void for defective caption are respectfully rejected.

■ Appellant next argues that Chapter 808 denies to someone due process and/or equal protection. Such arguments do not impress this Court for the reason that the act was passed prior to appellant's entry into office. At the time of his entry, the law regarding the pay and privileges of the office was fixed. Presumably, appellant was aware of the law. He voluntarily accepted his office and entered the employ of

the County on terms prescribed by the existing law. He has not been deprived of any equal protection or due process merely because the pay and/or privileges of judges of counties of a different class are made different by statute. See *Curry v. McCanless*, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339, 123 A.L.R. 162 (1939); *Knoxtenn Theatres, Inc. v. Dance*, 186 Tenn. 114, 208 S.W.2d 536 (1947); *LeFever v. Ware*, 211 Tenn. 393, 365 S.W.2d 44 (1963).

Appellant's arguments as to equal protection and/or due process are respectfully rejected.

Appellant next relies upon Chapter 518, Public Acts of 1978, mentioned above, which purports to remove from counties of the fourth class the requirement that a general sessions judge be "prohibited" from practicing law in order to receive the salary and increments provided by T.C.A. § 16–1109.

■ The application of Chapter 518 to appellant's situation would be an unconstitutional application of the law in violation of Article VI, Section 7 of the Constitution of Tennessee which forbids the increase or diminution of the compensation of judges during the time for which they are elected. Appellant took office on September 1, 1974, for a term ending August 31, 1982; and his compensation may not be constitutionally altered by statute enacted during that time. *Miles v. Tenn. Consol. Retirement System*, Tenn.1977, 548 S.W.2d 299; *Overton County v. State ex rel. Hale*, Tenn.1979, 588 S.W.2d 282.

Appellant next requests this Court for an advance ruling upon the effect of a population change so as to change the classification of Wilson County. This Court respectfully declines to rule upon a moot question. *Glasgow v. Fox*, 214 Tenn. 656, 383 S.W.2d 9 (1964); *West v. Carr*, 212 Tenn. 367, 372 S.W.2d 469 (1963); *Third National Bank in Nashville v. Carver*, 31 Tenn.App. 520, 218 S.W.2d 66 (1949).

For the same reason, and upon the same authority, this Court declines to rule upon

the rights of appellant in event he should decide to discontinue the practice of law.

■ As stated, the Chancellor determined that appellant's base salary should be $9,800.00 per year. This Court agrees that, in view of appellant's assertion and exercise of the privilege of practicing law, he has not at any time become entitled to the salary of $15,000.00 per year as provided in Chapter 808 of the 1974 Acts.

The Chancellor also determined that appellant was entitled to the annual cost of living increment upon the $9,800.00 salary as provided by Chapter 808. It would appear that the same facts which disentitle appellant to the $15,000.00 base pay would also deprive him of the increment provided in the same act. However, a careful reading of the verbiage of the act and resulting code sections supports the determination of the Chancellor.

Chapter 808, Acts of 1974, as incorporated in T.C.A. § 16–1109 provides in part:

(D) Beginning September 1, 1974, the *compensation* of general sessions judges shall be the base *salaries* fixed in this law adjusted to reflect the percentage of change in the consumer price index. . . .

. . . the base *salaries* per year for general sessions judges shall be as follows:

. . . . .

Counties of the fourth class  $15,000

. . . (Emphasis supplied)

The pertinent provision of Chapter 808 incorporated into T.C.A. § 16–1113 is:

Each judge . . . in order to be eligible for the *salary* provided by this law shall be prohibited from the practice of law . . . . (Emphasis supplied)

■ Thus, it is seen that the word, *salary* in § 16–1113, relates to the *base salary* and not to the *compensation* which is base salary plus cost of living increment. Thus it is that appellant's right to practice law, as claimed and exercised by him, does preclude the increase in *base salary* but does not preclude the increase in *compensation* consisting of the lower base salary and the cost of living increase.

As a result of all of the above, the decree of the Chancellor is affirmed. The costs of this appeal are taxed against appellant. The cause is remanded to the Chancery Court for collection of costs and other proceedings as may be necessary and proper.

Affirmed and remanded.

SHRIVER, P. J., and McCANLESS, Senior Judge, concur.