IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 29, 2001 Session

## ROBERT TERRY DAVIS, ET AL. v. WILSON COUNTY, TENNESSEE

**Appeal from the Chancery Court for Wilson County**
**No. 98348      John D. Wootten, Jr., Judge, Sitting by Interchange**

---

**No. M2000-00785-COA-R3-CV - Filed April 30, 2001**

---

Wilson County sought to modify its health insurance plan providing coverage for "retired" employees. Two employees, fitting the definition of retired employees but not yet retired, challenged the modification on the ground that their rights in the prior plan had vested. The Chancery Court of Wilson County held that the employees had a vested right to continue under the prior plan. We hold that health insurance benefits are welfare benefits that do not vest absent a contractual provision that they cannot be changed. We therefore reverse the lower court's decision and dismiss the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Dismissed**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Michael R. Jennings, Lebanon, Tennessee, for the appellant, Wilson County, Tennessee.

Neal Agee, Jr., Lebanon, Tennessee, for the appellees, Robert Terry Davis and Donald Hamblen.

**OPINION**

**I.**

Wilson County has for several years provided free health insurance to its employees. Apparently that benefit had also been extended to retired employees. In 1992, the Wilson County Commission passed a resolution to provide for the continuation of this insurance coverage for retired employees and to establish eligibility criteria for future retirees. The 1992 resolution provided that employees hired before July 1, 1982, who retired before age sixty-five (65) with eight (8) years of continuous service before retirement, could remain on the plan until they reached age sixty-five (65) or became Medicare eligible. Employees hired after July 1, 1982, who retired before age sixty-five (65) with ten (10) years of county service, eight (8) of them continuous before retirement, could also

remain on the plan until they reached age sixty-five (65) or became Medicare eligible. Dependents of the retirees could also remain covered subject to some conditions not at issue here.

The resolution also contained these two additional paragraphs:

3.      For purposes of this policy, an employee is considered retired when he or she meets the guidelines for retirement as established by the Tennessee Consolidated Retirement System (TCRS).

. . . .

6.      Wilson County reserves the right to alter the terms of this agreement and their corresponding financial contribution at any time provided said change is approved by resolution of the county legislative body . . . .

In November of 1992, the Commission amended paragraph three of the prior resolution to read as follows:

For purposes of this policy, an employee is considered retired and eligible to obtain the benefits contained in this policy when they have provided at least ten (10) years service with the County, with the last eight (8) years required to be continuous service.

On August 1, 1998, the Commission passed Resolution 98-8-1 amending the eligibility requirements for retirees to have continued health coverage. A retired employee would be eligible for continuing coverage in three ways: (1) employee is age fifty-five (55) with twenty (20) years of service and covered under the plan for one (1) year prior to retirement; (2) employee is age sixty (60) with ten (10) years of service and covered under the plan for three (3) years prior to retirement; and (3) employee is under age sixty-five (65) and has thirty (30) years of service. Resolution 98-8-1 also stated that the eight (8) years of continuous service requirement was still in effect. This resolution became effective as of September 1, 1998 and triggered this litigation.

Appellees, Robert Davis and Donald Hamblen filed their complaint in this action on August 31, 1998. They were eligible for continued coverage upon retirement under Resolutions 92-10-19 and 92-11-1. However, they did not meet the requirements under Resolution 98-8-1.

The appellees' complaint requested "a declaratory judgment declaring Resolution 98-8-1 void and unenforceable as to persons vested with these rights, and those persons be restored all of the legal rights that they had earned under prior Resolutions." The appellees also requested a temporary restraining order, which the trial court granted, to stay the enforcement of the new resolution.

In response to the appellees' complaint, the County Commission enacted Resolution 98-12-5, which amended the resolutions set out above. This resolution divided retirees into three categories.

The first category, Category I, consisted of employees who were hired before July 1, 1992 and are eligible to have the county pay their insurance after retirement assuming they meet the 10/8 rule. There is no age limit on this category. Category II consists of employees hired after July 1, 1992, but before September 1, 1998. This category of employees will be covered by insurance if they are at least forty-five (45) years of age and meet the 10/8 rule. During the time the employee is between the ages of forty-five (45) and fifty-five (55) the insurance will be at the employee's expense. When the employee reaches the age of fifty-five (55), Wilson County will pay for the insurance. Category III consists of employees hired after September 1, 1998. In this category, the employee must meet the 10/8 rule and be at least fifty-five (55) to qualify for insurance benefits. An employee in this category may have ten (10) years of service with the last year under the plan and be at least sixty (60) years of age. Under this category, an employee, retiring at any age, may qualify for insurance benefits after completing thirty (30) years of service.

This resolution also listed "Additional Stipulations." The stipulation relevant to this case reads as follows:

2. Anytime the employee goes to work for another employer and insurance is available the employee shall use that program and Wilson County shall drop the insurance on said employee. It is the responsibility of the employee to advise Wilson County that health insurance is available, either if provided by the employer of [sic] provided to the employee at his cost. After the employee advises Wilson County, Wilson County shall terminate their policy of health insurance at the end of the next month following being advised that insurance was available.

This stipulation was not present in any of the previous resolutions. After the County Commission enacted this resolution, appellees amended their complaint and added a request that Resolution 98-12-5 also be declared void and unenforceable.

After a bench trial, the trial court addressed two issues in its Memorandum Opinion: (1) did the appellees have a vested interest in health insurance benefits under the 1992 resolutions; and (2) could the county alter the terms of coverage of those who had already met the eligibility requirements.

In regard to whether the appellees had a vested interest, the trial court held that Wilson County had entered into a contract with its employees to provide health insurance. The trial court held that a vesting point was established for insurance benefits by the 10/8 rule included in the 1992 resolutions. The trial court stated, "the plaintiffs have a vested interest in these benefits."

In addressing the second issue, the trial court first noted that the Wilson County Commission in Resolution 92-10-19 had "reserve[d] the right to alter the terms of this agreement and [the employees'] corresponding financial contribution at any time." But the trial court went on to say that although Tennessee Code Annotated § 8-27-502(c) allows for the alteration, modification, change or discontinuance of insurance coverage by counties for their employees, the Wilson County

resolution only provided for <u>alteration</u>. The court read that distinction as narrowing the county's right to change the plan. The trial court also recognized that Wilson County was not required to offer health insurance to its employees but stated, "Once that threshold is crossed and an employee vests pursuant to the defendant's definition, then there can be no material change to the privilege of receiving medical insurance." The trial court then held that the requirement that a retired employee give up his insurance benefit upon employment elsewhere would prospectively terminate his benefit and, therefore, paragraph 2 of Resolution 98-12-5 was null and void as applied to the appellees.

## II.

In *Hamilton v. Gibson County Utility District*, 845 S.W.2d 218 (Tenn. Ct. App. 1992), this court addressed the identical question involved in this case. The Utility District in 1985 adopted a resolution allowing employees to participate in the District's health plan until age sixty-five when they had served the District more than twenty-five years or where they had reached the age of sixty upon retirement. The plaintiff retired in 1990 at age sixty-three with more than twenty-eight years of service. When the District later quit paying his insurance premiums the plaintiff sued the District alleging that he had a vested contractual interest in the health insurance benefit by virtue of the resolution and his election to participate in the plan. This court rejected that contention and said:

> Insurance coverage provided to employees under a group health insurance plan are classified as "welfare benefit" plans as opposed to pension benefit plans, whereby retirement income is provided for employees. The law is clear that there is no legal requirement on the part of a governmental entity to provide a welfare benefit plan to its employees and if it chooses to do so, the plan may be modified or terminated at any time. *State ex rel Thompson v. City of Memphis*, 147 Tenn. 658, 251 S.W. 46 (1923).

> The majority of cases that we have unearthed in this area are suits brought pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* (1974). By its provisions, ERISA does not apply to governmental entities. Furthermore, under ERISA, pension or retirement income rights automatically vest. Employee benefits in welfare benefit plans, however, are not protected by ERISA's vesting umbrella. Nonetheless, employers can contract to provide non-terminable, post-employment welfare benefits to retired employees irrespective of ERISA's vesting protection. Retirees seeking to establish entitlement to such benefits have the burden of proving an employer's non-termination intent. In the absence of ambiguity, resolution of this issue turns on the benefit plan documents. *Matter of Consol. Mutual Ins. Co.*, 77 N.Y.2d 144, 565 N.Y.S.2d 434, 435, 566 N.E.2d 633, 634 (1990).

845 S.W.2d at 223.

Our Supreme Court has held that even public pension plans may be modified "when necessary to protect or enhance the actuarial soundness of the plan, provided that no such modification can adversely affect an employee who has complied with all conditions necessary to be eligible for a retirement allowance." *Blackwell v. The Quarterly County Court of Shelby County*, 622 S.W.2d 535, 543 (Tenn. 1981). The Supreme Court reversed a holding of the Court of Appeals that governmental pension and retirement plans are governed by the common law of contracts and that employees under the retirement plan "had the vested right to earn the benefits of the plan as it existed and under the conditions of the plan as it existed upon entering into service of the county and accepting the plan by contributing thereto." *Id.* at 537. The Supreme Court held that the Court of Appeals had overlooked the fact that "a public employee ordinarily is not deemed to have a contract of employment within the meaning of the 'impairment of contracts' provisions of the state and federal constitutions." *Id.* at 539. The Court went on to say:

> Of course, direct compensation and pension benefits are not necessarily controlled by identical principles. At some point after an employee has performed services or has paid into a pension and retirement plan, he acquires fixed and immutable rights in the system. Such rights are subject to the terms and conditions of the pension plan, however, and no contractual rights, other than those conferred by the plan, exist simply by reason of employment.

*Id.* at 540.[1]

We think the *Hamilton* and *Blackwell* cases dispose of the contention that the right to participate in a plan providing medical benefits to county employees becomes vested simply by reason of employment. *Blackwell* held that the right to a pension did vest when public employees had complied with all conditions necessary to be eligible for a retirement allowance (the so-called Pennsylvania rule). *See* 622 S.W.2d at 543. But the *Hamilton* Court made the distinction between pension plans and group health insurance plans and held that absent a specific provision in the plan documents, the latter may be modified or terminated at any time. *See* 845 S.W.2d at 223.

Except for the resolutions we have referred to there is no other proof in the record that pertains to the plan under which Wilson County provided the health insurance. We note the provision in the 1992 resolution that the plan could be altered by the subsequent action of the County Commission, and despite the trial judge's view of the power this provision reserved to the county, it is the only evidence on the question of whether the rights created become immutable at some point. Since the plaintiffs have the burden of establishing the specific plan provision making their rights unchangeable, *Hamilton v. Gibson County Utility District*, 845 S.W.2d 223 (Tenn. Ct. App. 1992), we have to conclude that their claim must fail.

---

[1]The *Blackwell* court was careful to distinguish cases involving public employees whose rights are expressly controlled by the state constitution. *See Miles v. Tennessee Consolidated Retirement System*, 548 SW.2d 299 (Tenn. 1976).

The judgment of the court below is reversed and the plaintiff's claim is dismissed. The cause is remanded to the Chancery Court of Wilson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellees, Robert Terry Davis and Donald Hamblen.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.