**Gary MacDOUGAL, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY, Defendant.**

Civ. No. 1–85–296.

United States District Court, E.D. Tennessee, S.D.

Nov. 4, 1985.

William Heck, Chattanooga, Tenn., for plaintiff.

R.B. Gossett, W. Neil Thomas, III, Thomas, Mann & Gossett, Chattanooga, Tenn., William F. Kirsch, Maurice Wexler, Heiskell, Donelson, Bearman, S.D. Wakefield, Memphis, Tenn., for defendant.

## MEMORANDUM

EDGAR, District Judge.

This matter is before the Court on defendant's motion to dismiss or for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. Jurisdiction of the Court is invoked in part pursuant to 28 U.S.C. § 1332. Plaintiff appears before the Court seeking relief for an alleged breach of an employment contract and for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

Plaintiff MacDougal was employed by Sears from 1965 through April 6, 1984. MacDougal's last employment was as Central Service Manager for the Chattanooga, Tennessee area, which included responsibility for managing the Service Department at a Sears Service Center. Plaintiff was considered a "checklist" employee which was a management position.

Located in the same facility as the Central Service Center was a distribution center under the supervision of another individual. Plaintiff utilized the services of this department for the repair of a personally owned table and the painting of a personally owned golf cart. Employees in the department were not remunerated for this work. At all pertinent times there

existed management guidelines for individuals in plaintiff's position which restricted or prohibited the use of company workers for personal services.

MacDougal was also in the restaurant and vending businesses. He, along with another individual, owned vending machines which were placed at Sears facilities. Plaintiff had been advised against this practice because of the appearance of impropriety. Apparently, another incident involving MacDougal related to the use of a company postage meter for personal letters which was also considered a violation of management guidelines.

MacDougal was terminated in 1984 for the alleged combination of the above-recited facts. At the time of plaintiff's termination, the reason stated for his termination was "wrongful conduct" which, in turn, prevented him from receiving a service allowance from Sears. A service allowance is given by Sears to employees who are in transition from employment at Sears to some other employer. The personnel manual states that the service allowance would not be given to employees terminated for "willful misconduct" and it lists nine non-exclusive examples of such conduct.[1] Section 7201 of the personnel manual also provides that, "The Company reserves the right to make the final decision regarding an employee's eligibility to receive a service allowance."

The personnel manual is distributed in a limited fashion to employees of Sears. At the front of the manual is a disclaimer that the manual limits the right of Sears to terminate employees. Plaintiff asserts that the manual gives rise to a contract of employment and that, consequently, he is entitled to a service allowance. He supports his claim by the fact that the Tennessee Department of Employment Security found that he was not guilty of wrongful misconduct when it evaluated his termination for purposes of entitlement to benefits.

Defendant's motion is supported by affidavits and depositions and will be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment may be granted only in the absence of any genuine issue of material fact. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). A court must construe the record in the light most favorable to the party opposing the motion for summary judgment. *Id.*

The present motion focuses on plaintiff's breach of contract claim and the Court will focus solely on this issue. The Court will reserve judgment on plaintiff's ERISA claim. The pertinent question presently is whether the personnel manual gives rise to, or supplements, an employment contract creating an entitlement to the service allowance. Secondly, if there is an entitlement, the Court must determine whether it is due the plaintiff. The plaintiff does not contend that he is the victim of a wrongful discharge but solely that he was not paid a service allowance which is owed him by virtue of its inclusion in the personnel manual.

---

1. Paragraph 7203 of the Sears' personnel manual states:
   "Willful misconduct includes but is not limited to:
   1. Gross insubordination, where the employee willfully and without justification refuses to carry out orders of unit executives, or
   2. Violation of Company regulations involving the handling of cash, or
   3. Deliberate course of action to falsify Company records, delay proper recording of detail, etc., or
   4. Registering time for another employee (repeated offenses subject both employees to dismissal), or repeated tardiness after corrective review, or
   5. Abusing discount privilege, or

   6. Reporting for work under the influence of, or consuming on Company premises, intoxicants, other stimulants, or drugs, or disorderly conduct on Company premises or while on Company business if repeated after corrective review (also see paragraph 7156 "d") or
   7. Committing or attempting to commit deliberate damage to Company property, advocating or taking part in unlawful seizure of or trespassing on Company property, or
   8. Affiliation with an organization whose activities are judged subversive by the U.S. Government, or
   9. Conducting a personal business which is in competition with Sears...." (Court File No. 32, p. VII–50b–51).

The determination of whether an employee handbook or personnel manual gives rise to guarantees to employees turns on the specific language contained in the employment manual. *Whittaker v. Care-More, Inc.,* 621 S.W.2d 395, 397 (Tenn.Ct. App.1981). Only where the language is specific in stating that the employment manual provides certain guaranteed policies or practices will the employment manual be deemed part of the employment contract. *Id. See, e.g., Hamby v. Genesco, Inc.,* 627 S.W.2d 373 (Tenn.Ct.App.1982). Even where part of the manual may be considered to give rise to a definitive guarantee based on past practices of the company, a manual will not necessarily be treated as a contract if specific language within the manual disclaims certain guarantees. *Abbott v. Kellwood Company,* Gibson Law No. 1, 682 S.W.2d 206 (Tenn.Ct.App.1985). Thus, in *Abbott* the Court found that discharged employees were entitled to vacation pay because of a company policy relating to its employment manual but that the employees were not entitled to severance pay because the company had reserved the sole right of decision regarding eligibility for that pay upon termination of an employee. *Id.* at 6.

While the plaintiff claims that the service allowance was an entitlement because no employee was denied this payment, the plaintiff rests solely on his pleadings for this assertion. In contrast, the defendant has introduced the personnel manual which clearly states that the service allowance may be denied in a variety of circumstances and gives Sears the ultimate discretion to make a final decision on the payment of the allowance. A party cannot rest solely on the pleadings in a summary judgment motion when supporting documentation has been introduced in opposition. Federal Rule of Civil Procedure 56(e).

The introduction to the Sears personnel manual states in part that:

"This manual, in common with other Sears' employee manuals, handbooks, etc., is not intended to, and indeed does not, bestow any additional rights to employment or employment benefits to Sears' employees."

The Court finds that the personnel manual is a unilateral expression of company policy and does not amount to a contract between Sears and the plaintiff. *See Garcia v. Aetna Finance Company,* 118 LRRM 2298 (10th Cir.1983). Plaintiff does not claim that any provision of the personnel manual was an inducement to his employment, and the circumstances here do not reflect a meeting of the minds which would confer any contractual right upon the plaintiff. *Lieber v. Union Carbide Corp.,* 115 LRRM 2564 (E.D.Tenn.1983).

Even in the event that the personnel manual language amounted to contractual provisions regarding severance pay, it is clear that Sears retains enough discretion under the language of the personnel manual to deny the service allowance to the plaintiff regardless of whether plaintiff was in fact guilty of "willful misconduct." The Court also notes that a finding by the Tennessee Department of Employment Security under the provisions of T.C.A. §§ 50–7–101 *et seq.* would not be determinative of whether or not there is "willful misconduct" in this case.

For all of the above reasons, the Court will GRANT a partial summary judgment to the defendant on the plaintiff's breach of contract claim. An appropriate order will enter.