B.J. SMITH, Newman W. Kimbrough, R.N. Hewlett, W.L. Wimbley, E.W. Perry, and Other Persons Similarly Situated, Plaintiffs–Appellants,

v.

William N. MORRIS, Jr., Mayor of Shelby County, and Shelby County Government, Defendants–Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Nov. 14, 1988.

Application for Permission to Appeal Denied by Supreme Court April 3, 1989.

Don G. Owens, Jr., Memphis, for plaintiffs-appellants.

J. Minor Tait, Jr., Memphis, for defendants-appellees.

FARMER, Judge.

The plaintiffs are employees of the Shelby County Government (hereinafter County) in Pay Grades 51 and above. By a series of resolutions from December 2, 1971 through July 1, 1976, the County created a policy whereby, upon retirement, an employee would receive payment for up to 75 days of accumulated unused sick leave as part of the Unified Personnel Policies. The Resolution initially adopting the Unified Personnel Policies clearly states that all personnel policies will "be examined from time to time, and at least once per year, to determine whether any changes or modifications should be made." On August 29, 1979, a resolution was passed excluding all county employees whose pay was based on the executive salary schedule from receiving compensation for accumulated unused sick leave. The executive salary schedule includes all County employees Grades 51 and above.

The plaintiffs brought suit for declaratory judgment and injunctive relief. The trial court granted summary judgment to the County and the plaintiffs appeal. The issue presented is whether the trial court erred in finding that the plaintiffs do not have a vested right to compensation for accumulated unused sick leave. As there

are no material facts in dispute, we are presented with a question of law to be considered *de novo* with no presumption of correctness for the trial court's conclusion of law. *Billington v. Crowder,* 553 S.W.2d 590 (Tenn.App.1977).

The parties advise that their research reveals that this issue has not heretofore been addressed in this jurisdiction and we agree. Other courts have addressed this question with varying results. Some have held that sick leave benefits are contingencies or gratuities which create merely an expectancy and can be abolished at the will of the employer. *See City of North Little Rock v. Vogelgesang,* 273 Ark. 390, 619 S.W.2d 652 (1981); *Marsille v. City of Santa Ana,* 64 Cal.App.3d 764, 134 Cal.Rptr. 743 (Ct.App.1976); *McCarty v. City of Rockford,* 96 Ill.App.3d 531, 51 Ill.Dec. 941, 421 N.E.2d 576 (1981). Others have held that payment for sick leave, where authorized in the terms of employment, constitutes compensation for services rendered and not a mere gratuity. Such payment being in the nature of deferred compensation in lieu of wages earned, the right to receive vests once the services are rendered. *Gilman v. County of Cheshire,* 126 N.H. 445, 493 A.2d 485 (1985).

The plaintiffs contend that the Tennessee Constitution bars the County's action. This contention is based on *Miles v. Tennessee Consolidated Retirement System,* 548 S.W.2d 299 (Tenn.1977). However, *Miles* differs from the case at hand in two respects. First, *Miles* involved the change of the benefit basis for a pension system. Both parties to this action have stipulated that the payment at issue is completely unrelated to the retirement system. Secondly, *Miles* dealt with judges whose compensation is regulated by article VI, § 7 of our State Constitution while the plaintiffs in the case at hand are not governed by constitutional provisions. *See Blackwell v. Quarterly County Court,* 622 S.W.2d 535 (Tenn.1981).

■ *Blackwell v. Quarterly County Court* dealt with County employees and states the general rule that "salaries and compensation of public employees may be raised or lowered by the employer during their period of service." 622 S.W.2d at 540. The contracts of the plaintiffs are not contracts within the meaning of the constitutional prohibition against "impairment of contracts." *Id.*

The court in *Blackwell* adopted the "Pennsylvania rule" which allows reasonable changes when necessary to preserve or enhance the fiscal and actuarial integrity of the plan as a whole so long as no vested rights are disturbed. *Id.* at 541. Thus, the question becomes whether the right to receive compensation for accumulated unused sick leave is vested. The plaintiffs contend that the "Employee's Handbook—Shelby County Government" makes the benefit at issue a part of the employment contract and thus a vested right. In *Hamby v. Genesco,* 627 S.W.2d 373 (Tenn.App. 1982), the court held that a handbook can be a part of an employment contract. However, the specific language of the handbook must show contractual intent. *See MacDougal v. Sears, Roebuck & Co.,* 624 F.Supp. 756 (E.D.Tenn.1985). In *Hamby,* the handbook specifically stated that policies in the handbook were "guaranteed." *Hamby,* 627 S.W.2d at 376.

The Shelby County employee handbook does not guarantee any benefits, rather it states that it is based on Volume II of the Personnel Management System—"Rules, Regulations and Procedures." The record reveals the handbook to be merely a summary of existing Shelby County personnel policies. Furthermore, it notes that a personnel policy manual will be kept up to date and "will contain a complete set of personnel-related legislation, resolutions, policies, rules, regulations and procedures which apply uniformly to all County employees." This language clearly shows that modifications were anticipated and that any benefits discussed in the handbook were based on, *inter alia,* resolutions. As heretofore noted, the resolutions relating to the contested benefit also anticipated, indeed mandated, periodic evaluation and modification of County personnel policies. Therefore, this employee handbook is not a part of the employment contract. All but

one of the plaintiffs were already employed by the County when the benefit was conferred, therefore, it was not an inducement to employment.

 The right to compensation for accumulated unused sick leave remains inchoate until the employee retires, thus it must be governed by policies in effect at the time of retirement. *See McCarty v. City of Rockford,* 96 Ill.App.3d 531, 51 Ill.Dec. 941, 421 N.E.2d 576 (1981). The right to compensation matures only at retirement or death because prior to that date it is unknown how many, if any, days are "accumulated." The purpose of sick leave is to avoid penalizing employees for illness. A Shelby County employee is eligible for sick leave only:

a. When incapacitated by sickness or injury, or for medical, dental, or optical diagnosis and treatment.
b. For necessary care and attendance of a member of the employee's immediate family when approved by the department head.
c. After exposure to a contagious disease, when certified by a qualified doctor that the employee may jeopardize the health of others.
d. For maternity leave.

After six months, an employee begins to accumulate sick leave which allows one to be paid when forced to be absent for one of the above reasons. There is no way to determine with certainty that an employee will have any absolute number of unused sick days. This can be calculated only on retirement, therefore accumulated sick leave is not a vested right but is subject to whatever conditions govern the benefit when it matures.

 The contested benefit was withdrawn with good reason. The plaintiffs were all in managerial positions and as such were not accountable for their time. This presented the potential for abuse which the County wished to avoid. The public interest requires a reasonable amount of flexibility in the implementation and withdrawal of employment incentives. *See Blackwell, supra.* Thus, the change made by the County was reasonable and necessary. Since no vested rights are at issue, the County's action was within the scope of the Pennsylvania rule.

The judgment of the trial court is affirmed. Costs of this appeal are taxed to appellants for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.