**Boyd CARSON, Appellant,**

v.

**CITY OF LaFOLLETTE, Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 15, 1994.

Permission to Appeal Denied by Supreme Court June 13, 1994.

J. Stephen Hurst, LaFollette, for appellant.

Frank Dossett, LaFollette, for appellee.

*OPINION*

FRANKS, Judge.

This is an action by a retired employee of defendant, seeking compensation for unused sick leave. The Trial Court granted sum-

mary judgment to defendant, and plaintiff has appealed.

Plaintiff became employed by defendant in 1971 and served as its police chief from 1984 until his retirement on December 29, 1989. During that time he accumulated in excess of 120 days of sick leave.

Defendant joined the Tennessee Consolidated Retirement System in 1977. In 1986 the State system amended its rules to provide that a retiring employee could apply his unused sick leave days to retirement. The amendment left no provision for compensating retired employees in cash for unused leave. Defendant then amended its employee handbook to reflect the changes in State policy which were furnished to plaintiff.

Plaintiff, upon electing to retire, requested the City apply his unused sick leave toward his retirement, i.e., he wanted to remain on the City's payroll for 120 days after his last work day. Defendant concluded it could not comply with plaintiff's request, but advised plaintiff that the City would cash out his sick leave if it was legally possible.

■ On appeal,[1] plaintiff contends that at the time of his employment defendant had a policy of paying cash for sick leave days upon retirement, and in effect argues that his benefits were vested under the prior policy. We cannot agree. Sick leave benefits are an inchoate right, and do not vest until retirement. *See Smith v. Morris,* 778 S.W.2d 857 (Tenn.App.1988). Accordingly, since plaintiff did not retire until 1989 the City and State could change the way and manner in which it compensated plaintiff for any unused sick

leave days that he had accumulated prior to retirement. Defendant, in its motion for summary judgment, attached pages from the handbook which set forth the rules governing sick leave benefits. Plaintiff argues that the entire handbook should have been attached, but plaintiff had the opportunity in his response to the motion to attach the full handbook if material to the issue. This argument is without merit.

■ Finally, plaintiff argues prior to retirement it was represented to him that he would be paid cash for his sick leave, and he retired following this representation and the City should be estopped to deny the benefits as represented. There is no evidence that the City acted intentionally or that plaintiff was without means of knowledge. Accordingly, the elements of equitable estoppel are not present. Moreover, the doctrine of estoppel does not generally apply to acts of public agents. *See State ex rel. Dossett v. Obion County,* 188 Tenn. 538, 221 S.W.2d 705 (1949).

Accordingly, the summary judgment of the Trial Court is affirmed and the cause remanded at appellant's cost.

GODDARD, P.J. (E.S.), and CLIFFORD E. SANDERS, Senior Judge, concur.

---

**1.** Plaintiff's brief does not comply with the requirements of T.R.A.P. Rule 27(6) & (7). Also      Rule 6 Rules of the Court of Appeals.