IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs November 21, 2007

# ANNTIONETTE GRIGGS v. HARDEMAN COUNTY COMMUNITY HEALTH CENTER, INC.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9499J     J. Weber McCraw, Judge**

_____

**No. W2007-00599-COA-R3-CV - Filed March 19, 2008**

_____

The trial court awarded Defendant/Employer summary judgment in this wrongful discharge action. We affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., joined. W. FRANK CRAWFORD, J., not participating.

Terry Abernathy, Selmer, Tennessee, for the appellant, Anntionette Griggs.

James R. Mulroy, II and O. John Norris, III, Memphis, Tennessee, for the appellee, Hardeman County Community Health Center, Inc.

## MEMORANDUM OPINION[1]

This appeal arises from a wrongful discharge action. The trial court awarded summary judgment to Defendant Employer, the Hardeman County Community Health Center, Inc. ("the Center"), upon determining that the Center's Personnel Policy Manual was not a contract of employment and that Plaintiff Anntionette Griggs (Ms. Griggs) was an at-will employee. Ms. Griggs appeals, arguing that the manual is a contract of employment and that a genuine issue of material fact

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

exists as to whether the Center's director abused her discretion in failing to grant Plaintiff sick leave without pay. Ms. Griggs further asserts the trial court erred by considering the Center's "renewed" motion for summary judgment. We affirm summary judgment in favor of the Center on other grounds.

### *Standard of Review*

Our standard of review of an award of summary judgment is well-settled. Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). In determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists. *McCarley*, 960 S.W.2d at 588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

### *Analysis*

The facts relevant to our analysis of the issues on appeal are undisputed. Ms. Griggs was employed by the Center in the position of Office and Patient Services Coordinator. On May 4, 1999, Ms. Griggs underwent back surgery and advised the Center that she would require a recuperation period of five to six weeks. On June 15, 1999, Ms. Griggs advised her supervisor, Linda Lovelace, that she would be unable to return to work that day as anticipated. On the same day, Ms. Griggs' physician advised the Center that Ms. Griggs would be unable to return to work until August 4, and that she would be unable to assume a regular work schedule until October 4. By June 28, 1999, Ms. Griggs had exhausted all accrued sick leave. She did not return to work on that day, and she had not applied for an extended leave of absence without pay as required by the Center's personnel policy manual. On June 29, Ms. Griggs was discharged. The reason supplied for her discharge on the Center's "Separation Notice" was: "employee was unable to perform the duties of her employment." The parties do not dispute that Ms. Griggs was unable to perform her employment duties because of her need for additional leave.

Ms. Griggs filed an action against the Center in the United States District Court for the Western District of Tennessee which she voluntarily non-suited on May 3, 2001. On May 2, 2002, Ms. Griggs filed an action against the Center alleging that she was wrongfully discharged in violation of the employment contract created by the Center's personnel policy manual and in violation of the Tennessee Human Rights Act as codified at Tennessee Code Annotated § 4-21-101 *et seq.*

Following the Center's motion for summary judgment with respect to Ms. Griggs' Human Rights Act action, the trial court dismissed the claim pursuant to a consent order entered in May 2004. In June 2004, the Center moved for summary judgment with respect to the remaining wrongful discharge claim. In its motion, the Center asserted no contractual relationship existed between Ms. Griggs and the Center, and that Ms. Griggs had been an at-will employee. The Center further asserted that Ms. Griggs had been terminated for good cause, notwithstanding her at-will status. The trial court denied the Center's motion in December 2004. Following further discovery, the Center renewed its motion for summary judgment in October 2006. Following a hearing in January 2007, the trial court awarded summary judgment in favor of the Center in February 2007.

We first turn to Ms. Griggs' assertion that the trial court erred by granting the Center's motion because neither Tennessee substantive law nor the Tennessee Rules of Civil Procedure recognize, permit or sanction a renewed motion for summary judgment. She accordingly contends that the trial court erred by reconsidering its initial denial of the Center's motion where the Center renewed its motion after deposing its fiscal director, Linda Lovelace. The Center, on the other hand, relies on *Slaughter v. Duck River Electric Membership Corp.*, 102 S.W.3d 612, 614-615 (Tenn. Ct. App. 2002) and Rule 54.02 of the Tennessee Rules of Civil Procedure to support its argument that a trial court's order denying summary judgment is interlocutory in nature and may be modified at any time prior to becoming final. We agree with the Center that the case law supports its position on this issue. *E.g., Slaughter*, 102 S.W.3d at 615; *Guess v. Maury*, 726 S.W.2d 906, 922 (Tenn. App. 1986).

We next turn to the trial court's determination that the Center's personnel policy manual did not create a contract of employment. In general, Tennessee adheres to the "employee-at-will" rule. *Williams v. Memphis Housing Authority*, Nos. 02A01-9608-CV-00190, 02A01-9610-CV-00231, 1997 WL 287645, at *2 (Tenn. Ct. App. June 2, 1997)(citing *Davis v. Conn. Gen. Life Ins. Co.*, 743 F. Supp. 1273, 1280 (M.D. Tenn.1990)). Under this well-established rule, a contract for employment for an indefinite term is considered a contract at-will and can be terminated by an employer or an employee at any time and without cause. *Id.* (citing *Bringle v. Methodist Hosp.*, 701 S.W.2d 622, 625 (Tenn. App.1985); accord *Graves v. Anchor Wire Corp.*, 692 S.W.2d 420, 422 (Tenn. App.1985); *Whittaker v. Care-More, Inc.*, 621 S.W.2d 395, 396 (Tenn. App.1981)). Additionally, employee handbooks such as the one at issue in this case do not in themselves constitute contracts. *See Gardner v. University of Memphis*, No. W2002-01417-COA-R3-CV, 2003 WL 1872640 (Tenn. Ct. App. Apr. 8, 2003) (*no perm. app. filed*). An exception arises, however, "where an employer promulgates an employee handbook which confers certain benefits on employees or which limits the employer's right to terminate employees." *Williams*, 1997 WL 287645, at *2. In order for the handbook to be enforceable as a contract, the specific language contained in it must include an expression of an intent to be bound. *Smith v. Morris*, 778 S.W.2d 857, 858 (Tenn. Ct. App.1988). Additionally, an employer's reservation of the unilateral right to modify the provisions of its employee handbook generally precludes the handbook from being considered an employment contract. *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 688 (Tenn. App. 1999). However, in cases where the employer's handbook also includes unequivocal language demonstrating its intent to be bound by the handbook's provisions, it may constitute a contract notwithstanding the

employer's reservation of rights. *Id.* As we stated in *Williams v. Memphis Housing Authority*, "the language used must be phrased in binding terms, interpreted in the context of the entire handbook, and read in conjunction with any other relevant material, such as an employment application." *Williams*, 1997 WL 287645, at *2 (quoting *Claiborne v. Frito-Lay, Inc.*, 718 F.Supp. 1319, 1321 (E.D. Tenn. 1989)).

Upon review of the record in this case, however, we do not believe the disposition of this matter rests on a determination of whether the personnel policy manual constitutes a contract. Assuming, *arguendo*, the manual binds the Center to the policies contained therein, there is no dispute that Ms. Griggs exhausted her available sick leave and failed to apply for extended sick leave without pay as the manual requires. The manual provides:

> [s]ick leave without pay may be granted at the discretion of the Director for that period of time beyond the time covered by the employee's accrued sick leave with pay if the needs of the Corporation can be met while the employee's position is held open awaiting the employee's return to work.
>
> . . . .
>
> Willful or intentional abuse of sick leave policies is grounds for dismissal.

Thus, assuming extended sick leave without pay is requested by the employee, the decision of whether to grant extended sick leave without pay is within the full discretion of the director, even assuming the Center is bound to the procedures contained in the manual.

Ms. Griggs finally asserts the director "abused her discretion" by failing to offer her extended sick leave without pay and by failing to advise her of this alternative. We disagree. First, it is undisputed that Ms. Griggs received a copy of the personnel policy manual containing the provision for sick leave without pay. If, as she contends, the manual constituted a contract, she was bound to the policies contained therein. Second, as noted above, the decision to grant such leave was within the full discretion of the Director. Third, we find Ms. Griggs' assertion that she was not notified of the possibility of extended leave without pay or the procedures by which to obtain such leave somewhat disingenuous. The record reflects that in 1996, Ms. Griggs was granted extended sick leave without pay and that she was disciplined in June 1996 for violation of the Center's sick leave policy. In the June 1996 written disciplinary letter given to Ms. Griggs by the Center's Executive Director, Mary Heinzen, Ms. Griggs was advised that she had violated the Center's sick leave policy and was reminded of the procedures for obtaining approved and extended leave. Further, the letter reflects that Ms. Griggs had a history of failing to abide by the Center's policies regarding sick leave. This argument is without merit.

***Holding***

This court may affirm a trial court's award of summary judgment on grounds differing from those which provided the basis for the trial court's decision. *Hill v. Lamberth*, 73 S.W.3d 131, 136 (Tenn. Ct. App. 2001). In light of the foregoing, we affirm the trial court's award of summary judgment to Appellee Hardeman County Community Health Center. Costs of this appeal are taxed to the Appellant, Anntionette Griggs, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE